UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4777** |
| **AMERICAN ZURICH INSURANCE COMPANY** | **SECTION: G(5)** |

### ORDER AND REASONS

This litigation arises from property damage caused by Hurricane Ida.[1] Before the Court is Defendant American Zurich Insurance Company's ("Defendant") Motion to Dismiss for Failure to Prosecute.[2] In the motion, Defendant contends that Plaintiff Eric Williams' ("Plaintiff") claims against it should be dismissed because Plaintiff has failed to prosecute this case.[3] Plaintiff did not file an opposition.[4] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

### I. Background

Plaintiff owns property located at 6309 Painters St. New Orleans, LA 70122, that allegedly sustained wind damage during Hurricane Ida.[5] Plaintiff's property was insured by Defendant at the time the damages were sustained.[6] The law firm McClenny Moseley & Associates, PLLC

---

[1] Rec. Doc. 1

[2] Rec. Doc. 21.

[3] *Id.* at 1.

[4] Under Local Rule 7.6, Plaintiff's opposition was due April 23, 2024, as the motion is set for submission on May 1, 2024.

[5] Rec. Doc. 1 at 1.

[6] *Id.* at 1–2.

1

("MMA") filed the Complaint on behalf of Plaintiff on December 3, 2022.[7]

On March 8, 2023, this Court issued an Order staying all cases filed by MMA, including this instant case because of alleged fraudulent conduct of MMA.[8] On April 7, 2023, R. William Huye, III of MMA withdrew as counsel of record for Plaintiff.[9] On June 8, 2023, Cameron Sean Snowden, Grant P. Gardiner, and Claude Favrot Reynaud, III of MMA also withdrew as counsel of record for Plaintiff.[10] On June 30, 2023, the Court mailed a letter to Plaintiff informing him that MMA can no longer practice law in Louisiana and that all MMA attorneys have withdrawn from his case.[11] The Court also informed Plaintiff that he has three options, which are (1) retain a new attorney, (2) represent himself, or (3) dismiss his lawsuit against Defendant.[12] Along with the letter, the Court enclosed a Selection Form for Former Clients of McClenny, Moseley & Associates, noting that the Court may dismiss his case if he does not respond within 60 days.[13] Plaintiff did not respond to the letter. On April 4, 2024, Defendant filed the instant Motion to Dismiss for Failure to Prosecute.[14] Plaintiff did not file an opposition to the motion.

## II. Defendant's Arguments

Defendant contends that Plaintiff's claims against it should be dismissed because Plaintiff

---

[7] *Id.* at 10.

[8] Rec. Doc. 5. On March 20, 2023 the Court issued an Amended Order Staying Cases Filed by MMA. Rec. Doc. 8. On April 5, 2024, this Court issued an Order staying all cases in which MMA is enrolled as counsel of record. Rec. Doc. 9.

[9] Rec. Doc. 12.

[10] Rec. Doc. 13.

[11] Rec. Doc. 14.

[12] *Id.* at 1–2.

[13] *Id.* at 3.

[14] Rec. Doc. 21.

failed to respond to the Court's June 30, 2023 letter informing him of MMA's conduct and has failed to otherwise give any indication of his intention to proceed with this lawsuit.[15] Defendant notes that 275 days have passed since the Court mailed Plaintiff a letter informing him he may need to retain a new lawyer.[16] Therefore, Defendant seeks dismissal with prejudice.[17] In the alternative, Defendant seeks dismissal of Plaintiff's lawsuit without prejudice.[18]

### III. Law and Analysis

Under Federal Rule of Civil Procedure 41(b), "a defendant may move to dismiss the action or any claim against it," "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[19] "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant but also on the court's own motion."[20] "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[21] "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct."[22] "Conversely, dismissal without prejudice is not an adjudication on the merits, and, thus, courts are afforded greater discretion in

---

[15] *Id.* at 2.

[16] *Id.* at 2.

[17] Rec. Doc. 21-1 at 5.

[18] *Id.*

[19] Fed. R. Civ. P. 41(b).

[20] *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (citations omitted).

[21] *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

[22] *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006) (citation omitted).

dismissing claims for failure to prosecute or failure to comply with any court order in this manner."[23]

Here, there has been total inactivity since the Court mailed Plaintiff a letter on June 30, 2023 informing him that all of his MMA attorneys have withdrawn and are suspended from practicing law in Louisiana. Plaintiff did not return a completed Selection Form for Former Clients of McClenny, Moseley & Associates that the Court sent along with its letter on June 30, 2023. Plaintiff has not otherwise retained new counsel or attempted to prosecute this case as a *pro se* litigant for nearly 10 months since the Court mailed the June 30, 2023 letter.[24] The Court will dismiss Plaintiff's claims without prejudice, as this Court has not previously imposed "lesser sanctions" for Plaintiff's delay.[25] In *Griggs v. S.G.E. Management, L.L.C.*, the district court dismissed the plaintiff's claims without prejudice even after he failed to comply with its order to submit his claims to arbitration for one year and the plaintiff responded to a show cause order stating that he "'[would] not pursue arbitration'" and "'[stood] ready to litigate this case before this Court to a conclusion.'"[26] The Fifth Circuit affirmed the district court's dismissal without prejudice.[27] In *Boudwin v. Graystone Insurance Company, Limited*, the Fifth Circuit noted that it was "not favored with the trial court's factual findings and reasons for not imposing a lesser

---

[23] *Sanchez v. Underwriters at Lloyd's London*, No. 22-3643, 2024 WL 36171, at *1 (E.D. La. Jan. 3, 2024) (Vance, J.).

[24] *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 837, 845 (5th Cir. 2018) (affirming district court's dismissal without prejudice after the plaintiff failed to arbitrate his claims for one year); *Budwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399 (reversing district court's dismissal with prejudice for approximately 2 months of delay); *Sanchez*, 2024 WL 36171, at *1 (initially denying the defendant's motion to dismiss for failure to prosecute because it had only been 2 and a half months since the deadline for the plaintiff to respond to the Court's June 30, 2023 letter).

[25] *Long*, 77 F.3d at 880.

[26] *Griggs*, 905 F.3d at 837, 845.

[27] *Id.* at 845

sanction" before dismissing the plaintiff's claims with prejudice for failing to appear at a docket call in a two-months span.[28]

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **GRANTED** in part to the extent that Plaintiff's claims against Defendant are **DISMISSED WITHOUT PREJUDICE**. It is **DENIED** to the extent that Plaintiff's claims against Defendant are not dismissed with prejudice.

**NEW ORLEANS, LOUISIANA**, this  2nd  day of May, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[28] *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 400–41 (5th Cir. 1985).